# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case Number 1308008283 |
| | ) | |
| JEROME A. LOVELESS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Defendant's Motion to Suppress**

Submitted: February 21, 2014

Decided: March 14, 2014

**Jury Trial Scheduled: March 17, 2014**

**Defendant's Motion is DENIED**

Kathleen A. Dickerson, Esquire, Department of Justice, 102 West Water Street, Dover, Delaware 19904, Deputy Attorney General for the State of Delaware

Charles E. Whitehurst, Jr., Esquire, Young & Malmberg, P.A., 30 The Green, Dover, Delaware 19901, Attorney for the Defendant

**Reigle, J.**

On August 11, 2013, the defendant, Jerome A. Loveless, was charged with Driving a Vehicle under the Influence of Alcohol ("DUI") in violation of Del. Code Ann. tit. 21 § 4177(a)(1), five counts of Failure to Signal in violation of Del. Code Ann. tit. 21 § 4155(b), two counts of Failure to Stop at a Stop Sign in violation of Del. Code Ann. tit. 21 § 4164(a), Driving a Vehicle at an Unreasonable or Imprudent Speed in violation of Del. Code Ann. tit. 21 § 4168(a), and Aggressive Driving in violation of Del. Code Ann. tit. 21 § 4175A. Mr. Loveless' case was scheduled for trial in the Court of Common Pleas on January 7, 2014 and defense counsel filed a Motion to Suppress Evidence, on the same date. The trial was continued and the motion was presented on January 22, 2014. Following testimony of the arresting officer, defense counsel moved to suppress the Intoxilyzer results of a blood alcohol test conducted after Mr. Loveless' arrest on the grounds that the officer did not have probable cause to believe that Mr. Loveless had driven under the influence of alcohol. The Court rejected this argument in a bench ruling. Next, defense counsel moved to suppress the Intoxilyzer results of the blood alcohol test because the State failed to call the State Chemist as a witness to establish the proper foundation to admit the calibration sheets for the Intoxilyzer machine. The Court reserved decision to allow for written submissions on this issue. Letters were fully submitted on February 21, 2014. This is the Court's decision on that remaining issue.

### *Relevant Facts*

Sergeant Perna testified that the Intoxilyzer machine used in this case is kept in the processing room of the Harrington Police Department. He stated that every four to six weeks, his lieutenant personally took the intoxilyzer machine to be calibrated by the State Chemist at the crime lab. At the time that the State Chemist calibrates the machine, she fills out an Intoxilyzer Certification Sheet which is kept in an intoxilyzer log book. There are three identical copies of

the intoxilyzer log book kept in the lieutenant's office at the police department and all officers at the department may access log books. Sergeant Perna testified that the intoxilyzer log book was kept in the ordinary course of business for the purpose of ensuring that the intoxilyzer equipment functioned properly. He reviewed the entries in the log book for August 7, 2013 (the "pre-test"), and September 11, 2013 (the "after test") and testified that Cynthia McCarthy was the State Chemist who performed the calibrations on both dates. He stated that had no reason to believe that Ms. McCarthy's certifications were unreliable. He explained the calibration process and testified that the certifications in the log book for both dates showed that the intoxilyzer machine used by Mr. Loveless was properly functioning before and after Mr. Loveless was tested on August 11, 2013. On that foundation, the State elicited testimony regarding the results of the intoxilyzer test and the defense objected.

### *Arguments*

Defense counsel argues that the State failed to establish the proper foundation to introduce the results of the Intoxilyzer test performed by Mr. Loveless. He contends that the routine calibration certifications performed by the State Chemist and recorded in the Intoxilyzer log book are testimonial documents as set forth in and *Melendez-Diaz v. Massachusetts*[1] and *Bullcoming v. New Mexico*.[2] He argued that because the log book certifications were testimonial, Mr. Loveless had a right pursuant to the Confrontation Clause of the Delaware and United States Constitutions to cross-examine the State Chemist who performed the calibration tests on the machine. He further argued that the intoxilyzer evidence was hearsay and that the

---

[1] *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).
[2] *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011).

803(6) exception to the hearsay rule[3] (commonly referred to as the *business records exception*) was inapplicable because Sergeant Perna was not a qualified witness under the rule.

The State argues that the calibration certifications maintained in the intoxilyzer log book are non-testimonial documents because they were not created with the purpose to be used specifically as evidence at Mr. Loveless' criminal trial. The State submits that the log book is admissible pursuant to the 803(6) hearsay exception because the intoxilyzer certifications are non-testimonial documents routinely created in the regular course of business. It also submits that Sergeant Perna was a "qualified witness" under the business records exception to the hearsay rule who could lay the proper foundational for an admission of the log book as set forth in *State v. McCoy*.[4]

### *Discussion*

The Court finds the State's reliance on *State v. McCoy*, which was decided after *Bullcoming v. New Mexico*, to be the most persuasive argument.[5] *McCoy* was an appeal of a Court of Common Pleas Court decision to suppress intoxilyzer results of a blood alcohol test on the grounds that the testifying officer was not a qualified witness under the 803(6) exception to the hearsay rule. The Court was troubled by the officer's unfamiliarity with aspects of the calibration process. The State appealed the Court's decision and the Superior Court reversed and remanded the case, holding:

> The business records exception to hearsay permits the admission of Intoxilyzer records without the testimony of the State chemist if: "(a) the record was prepared in the regular course of business, (b) it was made at or near the time of the event, (c) the information and circumstance of recordation are trustworthy, and (d) a custodian or other qualified witness is available to testify."[6]

---

[3] Delaware Rule of Evidence 803(6).
[4] *State v. McCoy*, 2012 WL 1415698 (Del. Super. Feb. 21, 2012).
[5] *McCoy* at *4 (emphasis added).
[6] *McCoy* citing *Talley v. State*, 841 A.2d 308 (Del. 2003) (*see* unpub.op.).

In the instant case, the Court finds that Sergeant Perna met the standard set forth in *McCoy*.[7] Sergeant Perna demonstrated his knowledge and familiarity with the record keeping system stemming from his tenure with the police department and his training and certification as an operator of the intoxilyzer machine. He testified that: the intoxilyzer log book is kept at the Harrington Police Department in Lieutenant Brode's office, that the serial numbers in the log book matched their intoxilyzer machine's serial numbers, intoxilyzer certifications are performed by a State Chemist and recorded in the log book every four to six weeks in the regular course of business, that he had a basic understanding of how the machine was tested, that Ms. McCarthy is a State Chemist who performs calibrations on the intoxilyzer machine, and that Ms. McCarthy filled out and signed the intoxilyzer certifications and entries into this particular log book.

### Decision

The Court concludes that the State met its foundational requirements to introduce the defendant's intoxilyzer results through Sergeant Perna at the hearing. The defendant's motion to suppress the results of the intoxilyzer is DENIED.

**IT IS SO ORDERED.**

The Honorable Anne Hartnett Reigle

---

[7] *McCoy* at 4.